IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gloria D. Hinton, | ) | C/A No.: 0:12-1161-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Chad Mitchell; and Rock Hill School District 3, | ) | |
| | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Gloria D. Hinton, brings this civil action against the defendants, contending that she was unfairly terminated from her job as a food service manager at Dutchman Creek Middle School, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the action should be dismissed for lack of prosecution. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

After the defendants filed a motion to dismiss, the Magistrate Judge entered an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).  The plaintiff was advised of her right to respond to the motion to dismiss, but she failed to do so.  The Magistrate Judge then issued a second order allowing her additional time to respond to the motion to dismiss, but the plaintiff did not respond.

Finally, the plaintiff filed a motion to extend time to file objections to the Report and Recommendation, which was entered on the docket on September 17, 2012.  The court granted the motion and the plaintiff filed her objection (ECF No. 42) which merely states:

> "I am filing an objection to [34] Report and Recommendation. I was violated of my constitutional rights, by the defendants named.  I have suffered from this and I asked the courts that I be made whole."

The court does not consider this to be a specific objection as it does not identify the portions of the Report to which an objection is made, nor does it state the basis for the objection.  In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to given any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

November 6, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District J